UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF BARNARD | ) | CASE NO. |
| 7494 Dahlia Drive | ) | |
| Mentor, OH 44060 | ) | JUDGE |
| | ) | |
| On behalf of himself and all others | ) | Magistrate Judge |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S CLASS AND** |
| v. | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT UNDER THE FAIR** |
| BUYERS PRODUCTS COMPANY | ) | **LABOR STANDARD ACT AND** |
| 9049 Tyler Boulevard | ) | **STATE LAW** |
| Mentor, OH 44060 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Jeff Barnard, by and through counsel, respectfully files this Class and Collective

Action Complaint against Defendant Buyers Products Company ("Buyers Products"). Plaintiff

alleges as follows:

**INTRODUCTION**

1.     This case challenges Defendant's pay practices by which it willfully violated the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-2019, the Ohio overtime compensation

statute, Ohio Rev. Code Ann. § 4111.03, and Ohio's Prompt Pay Act, Ohio Rev. Code Ann. §

4113.15(A),

2.     Plaintiff brings this case as a FLSA "collective action" pursuant to 29 U.S.C. §

216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be

maintained against any employer … by any one or more employees for and on behalf of himself

or themselves and other employees similarly situated."  Plaintiff brings this case on behalf of

himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3.　　　Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually related claims under Ohio law (the "Class").

## JURISDICTION & VENUE

4.　　　This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.　　　This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.　　　Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and all of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7.　　　At all times relevant, Plaintiff Jeff Barnard was a citizen of the United States and a resident of Lake County, Ohio.

8.　　　At all times relevant, Defendant Buyers Products was and is an Ohio corporation that operates its business in Mentor, Ohio, also within Lake County.

## FACTUAL ALLEGATIONS

### Defendant's Business and Employment of Plaintiff, the Potential Opt-Ins, the Class Members

9.　　　Buyers Products is a manufacturer in the truck industry. It designs and manufactures truck parts like snowplows, spreaders, dump inserts, hydraulics, and electronics.

10. Plaintiff Jeff Barnard was employed by Buyers Products as a warehouse associate from February 2021 through September 2022.

11. Buyers Products was the W-2 employer of Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the putative Class.

12. Plaintiff, the Potential Opt-Ins, and the Class Members were all non-exempt employees of Buyers Products, and their base rate of pay was hourly.

13. At all times relevant, Buyers Products was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. Buyers Products annual sales far exceeded $500,000 at all times relevant to this case.

## Defendant Unlawfully Calculated Overtime Premiums Using a 'Regular Rate' that Failed to Account for all Non-Excludable Forms of Compensation

15. At all times relevant, named Plaintiff Jeff Barnard, the Potential Opt-Ins, and the Class Members were paid various types of compensation for their work at Buyers Products.

16. As stated above, their base pay was an hourly rate, but all Potential Opt-Ins and Class Members were also paid additional compensation such as shift differentials and additional hourly pay for obtaining a tow motor license.

17. For instance, Jeff Barnard started his employment at Buyers Products at an hourly rate of $16 per hour. When working 2nd shift – 2:30p to 11p – he and his co-workers on that shift were paid a shift differential of an extra $1 per hour. Once Barnard obtained a tow motor license, he – like any Buyers Products employee with a tow motor license - was promised and paid an extra $1 per hour.

18.     From the date of Jeff Barnard's hire at Buyers Products through June 18, 2021, Buyers Products' employees' pay advices showed the shift differentials included within employees' hourly rates.

19.     For instance, a screenshot of Jeff Barnard's pay advice dated May 21, 2021 is depicted below.  His "Regular" pay consists of his $16 hourly rate plus a $1 per hour shift differential, totaling $17 per hour:

| Earnings | rate | hours | this  period | year  to  date |
|---|---|---|---|---|
| Regular | 17.0000 | 40.00 | 680.00 | 2,702.66 |
| Overtime | 25.5000 | 4.17 | 106.34 | 106.34 |
| Pto | | | | 34.00 |
| **Gross  Pay** | | | **$786.34** | 2,843.00 |

20.     An employee's "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

21.     The FLSA and Ohio law require covered employers to pay non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.  29 U.S.C. § 207; Ohio Rev. Code Ann. § 4111.03.

22.     Hence, on May 21, 2021, as reflected in the screenshot in Paragraph 34, Barnard was paid $17 per hour for all of the 44.17 hours he worked in that pay period, making his overtime rate $25.50 per hour for hours over 40 that workweek.

23.     Indeed, before June 18, 2021, Buyers Products paid all of Barnard's overtime hours, as well as the overtime of all the Potential Opt-Ins, and the Class Members, at the legally mandated one and one-half times their "regular rate" of pay.

24.     However, on June 18, 2021, for the pay period beginning on June 6, 2021, Buyers Products began to break employees' shift differentials out as a separate line item on their pay advices.

25.     For instance, a screenshot from Jeff Barnard's January 28, 2022 pay advice is shown below for the January 16-22, 2022 workweek in which Barnard worked 46.58 hours at his then base hourly rate of $19 per hour:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 19.0000 | 40.00 | 760.00 | 1,919.38 |
| Overtime | 28.5000 | 6.58 | 187.53 | 387.03 |
| 2Sd | | | 99.74 | 274.78 |
| Holiday | | | | 304.00 |
| **Gross Pay** | | | **$1,047.27** | 2,885.19 |

26.     Upon information and belief, the "2Sd" line item can be explained as follows: Barnard was paid $93.16 for shift differentials, representing an additional $2 for all 46.58 hours worked that workweek, plus $6.58 representing an additional half of the shift differential for overtime hours, for a total of $99.74.

27.     This change of the pay structure, and concomitant redesign of the company's pay records, were unlawfully designed and intended by Buyers Products to deprive employees of overtime pay.  By breaking employees' pay out in the fashion, Buyers Products hid from employees that it was no longer the full one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

28.     Barnard was owed $1,060.43 in pay that week, consisting of $760 of straight time hourly pay, $93.16 of shift differentials, and $207.27 in overtime pay.  As shown above, he was paid only $1,047.27 – a difference of $13.16 for that one week.

29.     At any given time, Buyers Products employs 200 or more persons receiving shift differentials, meaning that it likely saved thousands of dollars per week, and hundreds of thousands of dollars per year through this unlawful practice.

### **Defendant Acted Willfully or With Reckless Disregard**

30.     Buyers Products knew that Plaintiff, the Potential Opt-Ins, and the Class Members were entitled to overtime compensation at one and one-half times their regular rate under federal and state law or acted in reckless disregard for whether they were so entitled.

31.     Buyers Products was aware that federal and state law required it to include shift differentials in calculating Plaintiff, the Potential Opt-Ins, and the Class Members' regular rate of pay.

32.     Indeed, Buyers Products paid its employees appropriately until June 18, 2021.

33.     Buyers Products changed its pay structure and redesigned its pay advices with intent to stop paying the wages it was required to pay by law, and in a manner that was veiled and unlikely to be perceived by its employees.

34.     Defendant is liable under the FLSA and Ohio law for failing to properly compensate Plaintiff, the Potential Opt-Ins, and the Class Members.

### **COLLECTIVE ACTION ALLEGATIONS**

35.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36.     The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All current and former non-exempt employees of Defendant who, at any time between June 6, 2021 and the present, worked overtime hours in any pay period where they also received a shift differential.

37.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that they were all subject to Defendant's unlawful pay practices, all were injured by those practices, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorney's fees, and costs.

38.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in." Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached.

39.     Plaintiff cannot yet state the exact number of similarly situated persons, but upon information and belief, there are over one hundred such persons.  Such persons are readily identifiable through the records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

### CLASS ACTION ALLEGATIONS

40.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41.     Plaintiff brings this case on behalf of himself and other members of a proposed Class, defined as:

> All current and former non-exempt employees of Defendant who, at any time between June 6, 2021 and the present, worked overtime hours in any pay period where they also received a shift differential.

42.     The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff cannot yet state the exact number of Class Members but avers, upon information and belief, that they consist of over one-hundred persons.  The number of Class Members as well as their identities are ascertainable from records Defendant has maintained, and was required to

maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

43.    There are questions of law or fact common to the Class, including but not limited to whether Defendant paid Plaintiff and other Class Members at time-and-a-half their regular rate of pay for all overtime hours and, if not, whether Defendant did so willfully.

44.    Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other Class Members.

45.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

46.    The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole and predominate over any questions affecting only individual class members.

47.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

48.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49.    Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached.

50.    The FLSA required Defendant to pay overtime compensation at one and one-half times employees' "regular rate" for all hours worked in excess of forty hours in a workweek.

51.    As more fully described above, Defendant improperly excluded several forms of compensation from the "regular rate," circumventing proper overtime compensation to Plaintiff and the Potential Opt-Ins for all hours worked in excess of forty hours in a workweek.

52.    By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

53.    As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins, were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

54.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55.     Plaintiff brings this claim under Fed. R. Civ. P. 23 for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself and the Class Members.

56.     At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

57.     Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay proper overtime compensation to Plaintiff and the Class Members at one and one-half times their regular rate.

58.     Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff and the Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

59.     Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Ohio Prompt Pay Act Violations)

60.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61.     Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

62.     Defendant failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the Class Members, which entitles the affected employees to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Class;

C.     Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class;

D.     Award declaratory relief in favor of Plaintiff and other class members as herein requested;

E.     Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

F.     Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
Kathleen R. Harris (0088079)
4106 Bridge Ave.
Cleveland, OH  44113
216-222-2222
Fax: 888-604-9299
scott@tittlelawfirm.com
katie@tittlelawfirm.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)